IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Randall Futch, #08700-021, | ) C/A No. 6:13-1986-RBH-KFM |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Steve Mora, *Warden*, | ) |
| Respondent. | ) |

## Background

John Randall Futch ("Petitioner"), a federal prisoner proceeding *pro se*, on or about July 19, 2013,[1] filed this action pursuant to 28 U.S.C. § 2241 while he was incarcerated in the Federal Satellite Camp in Estill, South Carolina. ECF No. 1 at 2. He alleges that during an April 18, 2013, disciplinary hearing he was not provided the opportunity to present witnesses in violation of his constitutional rights and that his disciplinary conviction should be reversed. ECF No. 1 at 8; ECF No. 1-2 at 2; ECF No. 1-2 at 2. Further, he alleges that the Bureau of Prisons ("BOP") violated his due process rights because they removed components of his administrative appeal (copies of certain papers allegedly necessary to complete his appeal to the Central Office), which will interfere with his attempt to exhaust the prison grievance process. ECF No. 1 at 8; ECF No. 1-1 at 2. Specifically, he alleges that he filed a grievance with the Warden, who denied it, and he appealed the decision to the Regional Office, which denied it on June 11, 2013, with his receiving notice of the denial on June 21 or 24, 2013. ECF No. 1 at 7; ECF No. 1-1 at 1–2;

---

[1] The court cannot discern the date the Petition was delivered to the prison mail room for filing, but most likely it was several days prior to July 19, 2013. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to district court).

ECF No. 1-2 at 3. As part of his relief, Petitioner requests that he be allowed "[t]he right to appeal without interference." ECF No. 1 at 8. Also, he requests that this court issue a show cause order "because his appeal sent to the Central Office will be rejected due to the fact the BP-9 form and Warden's response is missing." ECF No. 1-1 at 2; ECF No. 1-2 at 4.

On August 1, 2013, Petitioner notified this court that effective July 23, 2013, his address had changed to a Federal Prison Camp in Atlanta, Georgia. ECF No. 4. Additionally, on August 14, 2013, Petitioner notified this court that although he had filed this action "during his exhaustion of his administrative remedies," he recently received a rejection response. ECF No. 10.

## Discussion

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set

forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

This action should be dismissed because a petitioner is required to complete exhaustion of administrative remedies prior to bringing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and Petitioner failed to do so. "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004). This requirement is sometimes referred to as a jurisdictional requirement, *Hicks v. Jordan*, 165 F. App'x 797, 798 (11th Cir. 2006), although in exceptional circumstances prior exhaustion of remedies may not be required. *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010); *see also Ortiz v. Owens*, C/A No. 9:08-3270-HMH-BM, 2009 WL 62203, at *2–3 (D.S.C. Jan. 9, 2009) (explaining that usually a federal prisoner is required to exhaust the BOP remedies prior to seeking judicial review). In this case, Petitioner's action was filed on or about July 19, 2013, and throughout the Petition he alleges facts indicating that the BOP Central Office had not ruled on his appeal prior to his filing this Petition. In fact, Petitioner seeks a rule to show cause because he believes the BOP Central Office will deny his appeal due to certain necessary copies not being included in the appeal. Therefore, Petitioner filed this action prematurely before he had completed exhaustion of the BOP administrative process, and it should be dismissed without prejudice.[2] Moreover, if Petitioner received a rejection of the appeal

---

[2] If Petitioner brings a new § 2241 action raising similar claims after he has fully completed the BOP administrative process, it appears that he should <u>not</u> file it in this court because Petitioner's current custodian is not located within the District of South Carolina. *See Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010) (explaining that district courts are granted authority within their respective jurisdictions to hear applications for writs of habeas corpus and that § 2241 requires the district court to have jurisdiction over a petitioner's custodian).

from the Central Office during the pendency of this action, which he alleges in a pleading filed subsequent to the Petition, this action should still be dismissed without prejudice because a petitioner is not permitted to exhaust administrative remedies while a petition is pending. *See Tankersley v. Fisher*, No. 3:08cv382/MCR/EMT, 2008 WL 4371797, at *2–3 (N.D. Fl. Sept. 22, 2008).

## **Recommendation**

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. Petitioner's attention is directed to the important notice on the next page.

August 27, 2013                                                         s/ Kevin F. McDonald
Greenville, South Carolina                                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984).